ELIZABETH J. TUTTLE, APPELLANT, V. CITY OF OMAHA ET AL., APPELLEES.

FILED MAY 4, 1898.    No. 8070.

Right of Appellant to Dismiss Appeal. On the facts set out in the opinion *held* that the appellant was entitled, as a matter of right, to dismiss her appeal.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Appeal dismissed.*

*Fayette B. Tiffany* and *Winfield S. Strawn*, for appellant.

*W. J. Connell*, contra.

RAGAN, C.

Elizabeth J. Tuttle brought a suit in equity in the district court of Douglas county against the city of Omaha

and some railroad companies and others.   The object of
the action was to obtain a decree declaring an ordinance
passed by the city vacating the intersection of some
streets, and permitting such intersection to be occupied
by the railroad companies, void, and to oust the railroad
companies from the possession of such intersection.   The
trial resulted in a decree dismissing Mrs. Tuttle's action,
from which she appealed to this court.   Before the trial
of the Tuttle suit in the district court H. Goldberg also
brought a suit against the parties made defendants in the
Tuttle suit and for the same purpose.   It seems from a
stipulation in the record that the Goldberg suit was tried
at the same time the Tuttle suit was tried, but whether
any decree was ever entered in the Goldberg suit the
record does not inform us.   Mrs. Tuttle has now filed
here a motion to dismiss her appeal, the appellees con-
senting thereto.   This motion is resisted by Goldberg.
He insists that this court should retain the appeal and
determine the case upon its merits, because of the fact
that the Goldberg case and the Tuttle case involve the
same questions, the pleadings and issues being the same;
that they were tried in the district court as one case, and
that it was agreed between Goldberg and the city of
Omaha that the appeal in the Tuttle case should operate
as an appeal also in the Goldberg case, and that the deci-
sion of this court in the Tuttle case should operate as a
decision in the Goldberg case.   But Mrs. Tuttle was not
a party to the stipulation entered into between Goldberg
and the city of Omaha and not bound thereby, and she
therefore has the right to dismiss her appeal.   We have
already stated that we do not know whether any decree
was ever entered by the district court in the Goldberg
case.   For aught the record before us shows that action
is still pending and undetermined.   But if a decree has
been entered in that action we are powerless to review it.
If such a decree has been entered in order to enable this
court to review the same, either upon appeal or error, a
certified transcript of the record of that case must be

filed in this court. This is the requirement of the Code, and unless such a transcript is filed here this court is without jurisdiction in the premises. Goldberg is not a party to the record of the Tuttle suit in this court. He is not concluded by anything this court may decide in that case, as we have no jurisdiction over him. The motion of Mrs. Tuttle to dismiss her appeal must be sustained and the appeal is

DISMISSED.